### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD SHRIMP, | |
| Plaintiff, | CIVIL ACTION NO. 3:09-CV-0550 |
| v. | (JUDGE CAPUTO) |
| CRAFTMASTER MANUFACTURING, INC., | |
| Defendant. | |

### MEMORANDUM ORDER

Presently before the Court is Plaintiff Donald Shrimp's Complaint, filed March 25, 2009. (Doc. 1.)

Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte*. *Meritcare Inc. v. St. Paul Mercury Ins. Co.,* 166 F.3d 214, 217 (3d Cir. 1999). Plaintiff alleges that this Court's basis for jurisdiction is diversity of citizenship pursuant to 28 U.S.C. § 1332. "It is . . . well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived." *Thomas v. Bd. of Trs.*, 195 U.S. 207, 211 (1904). Moreover, "[w]hen the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits." *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977); *see also* FED R. CIV. P. 12(h)(3) (a court must dismiss an action if it determines it lacks subject matter jurisdiction).

In this case, the Plaintiff's Complaint fails to demonstrate the requirements of federal subject matter jurisdiction. In viewing the Complaint, some facts have been alleged regarding the citizenship of the parties, but the facts alleged are insufficient. Plaintiff adequately pleads the corporate Defendant's citizenship by stating the state of incorporation and principal place of business. *See* 28 U.S.C. § 1332(c)(1). However, Plaintiff fails to adequately plead his own state of citizenship. He states that he "is an adult individual residing" at a Pennsylvania address. (Compl. ¶ 1, Doc. 1.) It is well established that the term "citizenship" is not synonymous with "resident." *See Pa. House, Inc. v. Barrett*, 760 F. Supp. 439, 449 (M.D. Pa. 1991) (McClure, J.) ("Although a party's residence is *prima facie* evidence of domicile, residency alone is insufficient to establish jurisdiction on the basis of diversity: two elements are necessary to establish domicile, residency coupled with an intent to continue to remain at that location."). Therefore, diversity is insufficiently alleged as to Plaintiff.

Accordingly, the Court will dismiss the Complaint for lack of subject matter jurisdiction pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure.

**NOW**, this   31st   day of March, 2009, **IT IS HEREBY ORDERED THAT** Plaintiff's Complaint (Doc. 1) is **DISMISSED without prejudice**. The Clerk of the Court shall mark this case **CLOSED**.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge